## CASH AND OTHERS *vs.* WILLIAMS.

Unless the Judge of the Superior Court manifestly abuses his discretion, in refusing to dissolve an injunction, this Court will not interfere, especially where it is apparent that no particular injury will accrue to the defendant by the delay, and where it is desirable that there should be first a final hearing upon the merits.

In Equity, in Cass Superior Court. Decision, on motion to dissolve injunction, by Judge WALKER, at Chambers, 29th February, 1860.

This was a bill by B. F. Williams against Jesse Cash and others, to enjoin a judgment recovered in an action of ejectment by Cash against Williams, and also to set aside said judgment, and to quiet complainant in the possession of the land sued for and recovered in said action of ejectment, and to compel defendant to execute a deed of conveyance for said land to the wife of complainant.

The bill alleges that complainant married the daughter of defendant Cash, and that in pursuance of an agreement between them, complainant entered into possession of said land about the year 1845, and made clearings and improvements thereon, and built a comfortable dwelling-house, and has been in the peaceful possession of the same since the time of his entry aforesaid. That defendant promised and agreed, in consideration that complainant would thus enter upon and improve said land, to execute a deed for the same to complainant's wife, as a part, or an advancement to her, of defendant's estate. The bill alleges that in violation of this agreement, defendant instituted his action of ejectment against complainant for said land, and has recovered judgment therein, and threatens to eject complainant from said premises.

The defendants answered the bill, Jesse Cash denying the statements of the bill as to the contract or agreement therein set up, but admitting, substantially, its other allegations and charges.

Upon the coming in of the answers, defendant moved to dissolve the injunction which had been granted, upon the grounds, that there was no equity in the bill, and that if any,

Cash and others *vs.* Williams.

it had all been fully sworn off by the answers. After argument, the Judge refused the motion to dissolve the injunction. To which refusal defendants excepted.

WM. T. WOFFORD, for plaintiff in error.

MILNER & PARROTT, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

Was the Circuit Court right in refusing to dissolve the injunction in this case? or rather was it guilty of such a flagrant abuse of its discretion, as should constrain this Court to reverse its judgment?

Perhaps, had his Honor have dissolved the injunction, we might not have felt bound to overrule him. Having seen fit to refuse the motion, we are not inclined to interfere.

In a case like this, it is difficult for this Court to give the reasons which control their decision, without prejudicing the case on the final trial. Suppose we were to put it upon the ground, that notwithstanding the answer swore off the equity of the bill, still we would retain the injunction, because the answer was incredible. This would damage it as evidence, and injure the respondent's case generally. We must be guarded in justice to both parties, as well as from a becoming respect for the province of the jury, whose peculiar privilege it is to pass upon the merits of the case.

Mr. Cash professes to have instituted this suit, not so much for the purpose of ejecting his son-in-law and daughter from the land in dispute, as to establish his title to the premises. A little longer delay then will not be deterimental to him.

In answer to the position assumed in the argument, that equity will not enforce a voluntary agreement, we would suggest: That if the complainant establishes, by satisfactory proof, the case made in the bill, the question as to the power of a Court of Chancery to enforce a gift or gratuity, will not arise. There is a valuable consideration set forth for the agreement, which the complainant is seeking to compel Mr. Cash to execute.

Judgment affirmed.